## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **IVAN JOHNSON, # R-69908,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 18-cv-1476-NJR** |
| | ) | |
| **SCOTT THOMPSON,** | ) | |
| **LT. WALL,** | ) | |
| **ASSISTANT WARDEN LOVE,** | ) | |
| **and JOHN DOE #1 (Unknown Sgt.),** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ivan Johnson, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint (Doc. 1), which claims that Defendants failed to protect him from attack by his cellmate, is now before the Court for a preliminary merits review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review under Section 1915A.

## The Complaint

Plaintiff's Complaint alleges the following: In March 2018, Plaintiff was housed in

1

segregation, with a cellmate (Dunn) who had a history of fighting with his cellmates and who was categorized as "SMI" (Seriously Mentally Ill). (Doc. 1, p. 5). Dunn had also attempted suicide at some point while they shared a cell, but he was returned to the cell with Plaintiff after being taken off suicide watch. (Doc. 1, p. 7).

Early in the morning of March 31, 2018, Plaintiff stopped the John Doe #1 Sergeant and told him that he had an "urgent problem" with Dunn, who had been exhibiting violent and disturbing behavior, including hovering over Plaintiff, making random outbursts, and talking to himself. (Doc. 1, p. 6). Plaintiff stated that he was in imminent danger of physical harm from Dunn. He asked John Doe #1 to give an urgent letter to Lt. Wall. John Doe #1 agreed to deliver the letter, but did nothing else.

Plaintiff also reported Dunn's behavior and his fears to a mental health specialist (Smith)[1] during rounds. Smith responded that he had no control over placement, but would notify Wall. *Id.*

Wall eventually came to speak with Plaintiff, who requested immediate separation from Dunn in order to protect him from a physical assault. (Doc. 1, p. 6). Wall responded that the situation was "not enough" to warrant a cell change, and if there was an altercation, both cellmates would be sprayed and written up. *Id.*

At about noon on the same day, Plaintiff saw Assistant Warden Love and explained the situation and his safety concerns. (Doc. 1, p. 7). Love said he would see what he could do, but nothing was done to move Plaintiff or Dunn. Several hours later that day (March 31, 2018), Dunn attacked Plaintiff, inflicting injuries which required several stitches.

Plaintiff asserts claims of deliberate indifference against the John Doe #1 Sergeant, Wall, and Love, and seeks monetary damages. (Doc. 1, pp. 8-9, 12). He sues Warden Thompson in his

---

[1] Smith is not named as a defendant in the action. (Doc. 1, pp. 1-2).

official capacity, seeking injunctive relief to change policies that place inmates at risk by housing general population inmates with SMI inmates, without empowering mental health staff to effect changes of placement. (Doc. 1, pp. 9-12). Plaintiff includes a request for a preliminary injunction, but he has not filed a motion for such relief. (Doc. 1, p. 10).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

> **Count 1:** Eighth Amendment deliberate indifference claim against the John Doe #1 Sergeant, Wall, and Love, for failing to protect Plaintiff from attack by his cellmate, despite their knowledge of the cellmate's aggressive behavior, mental illness, and history of violence;

> **Count 2:** Eighth Amendment deliberate indifference claim against Thompson in his official capacity, for maintaining cell assignment policies that place inmates in danger of physical harm.

Both counts survive review under Section 1915A and shall proceed for further consideration.

## Count 1 – Failure to Protect

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). While corrections officials may not be

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

held liable for every harm caused by another inmate, if a prisoner is housed under conditions posing a substantial risk of serious harm, a claim may be sustained if the defendants acted with "deliberate indifference" to that danger. *Farmer*, 511 U.S. t 833; *Pinkston*, 440 F.3d at 889.

Here, Plaintiff asserts that he personally informed the John Doe #1 Sergeant, Wall, and Love of his cellmate's threatening behavior and his fear of physical attack. Each of these Defendants was allegedly aware of the cellmate's history of violence against other inmates as well as his mental illness. Despite this knowledge, the John Doe #1 Sergeant, Wall, and Love took no action to relocate the cellmate or Plaintiff, or otherwise protect him from the risk of attack. Plaintiff's deliberate indifference claim against these Defendants therefore merits further review. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (plaintiff must have informed prison officials about a specific threat to his safety).

### Count 2 – Policies

For this claim, Plaintiff alleges that Pinckneyville's practice, custom, and/or policy of housing general population inmates in the same cell with SMI inmates placed him at risk of harm from his cellmate, who had been diagnosed with a serious mental illness and was known to have attacked other prisoners. Further, the prison's policy does not allow mental health professionals to have any control over housing arrangements for inmates who may pose a threat due to their mental illness, or any ability to address immediate risks identified by mental health staff. (Doc. 1, p. 9).

Essentially, Plaintiff claims that these policies created a serious risk of harm to him, and contributed to the Defendants' failure to protect him from his SMI cellmate's attack. If Plaintiff can sustain this claim, the Pinckneyville Warden (Thompson) is the appropriate official to carry

out any injunctive relief that may be ordered. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). An official capacity claim for prospective relief may be brought under Section 1983 without running afoul of the state's Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (citing *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14 (1985)).

At this early stage, Count 2 also shall be allowed to proceed.

### Identification of Unknown Defendant

As noted above, the claim in Count 1 against the John Doe #1 Sergeant is subject to further review. This Defendant must be identified with particularity, however, before service of the Complaint can be made on him. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Because Warden Thompson remains in the action in his official capacity, he shall be responsible for responding to discovery aimed at identifying this unknown defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the John Doe #1 Sergeant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED** at this time without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli*

*v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866-67 (7th Cir. 2013).

In determining whether to recruit counsel, the Court must examine (what are known as) the *Pruitt* factors and apply them to the specific circumstances of this case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* at 761 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). *See also Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). The first prong of the analysis is a threshold question. If a plaintiff has not made an attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Plaintiff states that he has written to a few law firms and organizations but has not received responses. (Doc. 2, p. 1). This may represent a reasonable attempt to seek counsel. Nevertheless, the Court finds that Plaintiff is competent to represent himself at this time. Although his education is limited to "some high school," his pleading is well-organized, easy to understand, and his legal claims are clearly articulated. He does not offer any reason why he cannot represent himself. (Doc. 2, p. 2). The failure-to-protect claims are straightforward and do not present any complex issues.

Although the motion is denied at this juncture, Plaintiff may renew his request for counsel if necessary, as the case progresses. If he does so, he should attach copies of correspondence from at least three lawyers or law firms whom he has contacted in an effort to

secure legal representation (or at a minimum the names and addresses of attorneys he has contacted), in order to demonstrate a reasonable attempt to seek counsel.

## Disposition

The Clerk of Court shall prepare for **THOMPSON, WALL** and **LOVE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant **JOHN DOE #1 SERGEANT** until such time as Plaintiff has identified him by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a plan for discovery aimed at identifying the unknown defendant with particularity.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 30, 2018**

**NANCY J. ROSENSTENGEL**
**United States District Judge**